UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LARRY HOOPER, M.D.<br><br>    Plaintiff<br><br>    v.<br><br>PROCTOR HEALTHCARE INC.<br><br>    Defendant | Case No. 12-1005<br><br>**JURY DEMAND** |

## COMPLAINT

Now comes the Plaintiff, Larry Hooper, M.D., and complaining of the Defendant, Proctor Hospital d/b/a Proctor First Care for his claim states:

### I.
### Jurisdiction & Venue

1. Jurisdiction to hear this claim under the Americans With Disabilities Act, 42 U.S.C. 12101 et seq et al exists under 28 U.S.C. § 1331, 1337 (a), 1343 (a)(4). Supplemental jurisdiction to hear the claim under the Illinois Human Rights Act, 775 ILCS 5/1-102, 2-201 (2008) exists under 28 U.S.C. § 1367.

2. The defendant corporation does business in Peoria County, Illinois and the occurrence happened in Peoria County, Illinois. Venue exists in this court under 28 U.S.C. § 1391.

3. The occurrence complained of happened on **August 26, 2010**, in the City of

Peoria, County of Peoria, and State of Illinois.

## II.
## The Parties

4. Plaintiff, Larry Hooper, M.D., is a physician licensed to practice medicine in the State of Illinois employed as a family practice physician by defendant.

5. Defendant, Proctor Healthcare Inc., is a corporation operating outpatient clinics in the Peoria, Illinois area known as Proctor First Care.

## III.
## The Incidents

6. Dr. Hooper suffers from bi-polar disorder, a recognized psychiatrict condition that substantially limits his ability to think, sleep, communicate and interact with others and control his behavior.

7. Dr. Hooper informed the managerial agents of Proctor of his bi-polar disorder on April 16, 2010. He was placed on disability leave without pay on April 28, 2010. Dr. Hooper's treating psychiatrist, Karen M. Kyle, M.D. placed him off work for two weeks. She evaluated his condition and made a report to Proctor after that two week period stating he was able to return to work.

8. Proctor management informed Dr. Hooper they wanted an independent evaluation by James V. Canaugh, 725 West Harrison Street, Suite 110, Chicago, IL 60612. Dr. Cavanaugh is a Professor of Psychiatry at Rush Medical College.

9. Dr. Hooper went to Dr. Cavanaugh's office for a psychiatric examination and evaluation on August 2 & 3, 2010. Dr. Cavanaugh told Dr. Hooper and Proctor

management that he expected to have his evaluation report completed in 3-5 weeks from the evaluation or August 18, 2010.

10. Dr. Hooper's mother who resides in Marquette, Michigan died on August 12, 2010. The visitation was held on August 15, 2010 and the funeral on August 16, 2010. He stayed afterward with his brothers and sisters to dispose of his mother's things returning to Peoria, Illinois on Saturday, August 21, 2010.

11. Dr. Hooper had his Proctor cell phone with him. He had reported problems with it working intermittently to Proctor management. Proctor management refused Dr. Hooper's request for a replacement telephone.

12. On Dr. Hooper's return to Peoria on August 21, 2010, he saw a certified mail card showing attempted delivery of a letter from Proctor. He went to the Post Office on Monday, August 23, 2010 and opened a letter dated August 16, 2010 from Proctor, two days before the August 18, 2010 report of Dr. Cavanaugh finding Dr. Hooper able to return to work

13. The letter stated Human Resources had cleared Dr. Hooper to return to work on August 5, 2010 and that Diane Kurtz and Todd Baker were attempting to contact Dr. Hooper on his cell phone. The letter stated Dr. Hooper's employment was terminated if he did not return to work on August 20, 2010.

14. Dr. Hooper telephoned Proctor three times on August 24, 2011 to explain the circumstances of his absence and the intermittently working cell phone. On August 25, 2010, the business records of Proctor reference an email from Diane Kurt

Administrative Assistant on her telephone call with Dr. Hooper.

15.     Proctor management talked with Dr. Hooper on August 26, 2010 and informed him his employment had been terminated.

### IV.
### Plaintiff's Claims

16.     The August 16, 2010 letter was a pretext to terminate Dr. Hooper's employment because he was a qualified individual with a disability. 42 U.S.C. § 12111 (8).  also meets the definition of disability of the Illinois Human Rights Act. 775 ILCS 5/1-102 (2008).

17.     Dr. Hooper's bi–polar disorder substantially limits the major life activities to think, sleep, communicate and interact with others and control his behavior. He had a record of that disability and Proctor management regarded him as disabled.  Dr. Hooper was found to be able to work as a physician by both his own psychiatrist and Professor Cavanaugh who Proctor retained to conduct and independent medical examination.

### V.
### Relief Sought

18.     As a direct and proximate result of Proctor's disability discrimination, Dr. Hooper's bi-polar condition has been aggravated by his loss of employment, he has in the past and will in the future lose income he would have otherwise acquired because of the disability discrimination.

19.     Dr. Hooper is entitled to attorney's fees incurred in prosecuting this action

as a prevailing plaintiff under 42 U.S.C. § 12117 which incorporates the remedies of Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act.. 42 U.S.C. § 2000e-5 (k); 775 ILCS 5/8A-104 (G).42 U.S.C. § 12117.

## VI.
## Prayer for Relief

**WHEREFORE,** Plaintiff, Larry Hooper, M.D., prays the Court enter judgment in his favor and against the Defendant, Proctor Healthcare, Inc. in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000) plus prevailing plaintiff's attorney's fees as a part of costs under 42 U.S.C. § 12117 and 775 ILCS 5/8A-104 (G).

Respectfully submitted,

s/ Richard L. Steagall
Attorney for the Plaintiff

RICHARD L. STEAGALL
RYAN S. MCCRACKEN
Nicoara & Steagall
416 Main Street, Suite 815
Commerce Building
Peoria, IL 61602-1115
309-674-6085
Fax 309-674-6032
nicsteag@mtco.com